1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH G. KLOTZ

                    Plaintiff,

          v.

T. MIRANDA, et al.,

                    Defendants.

2:25-cv-1273-CKD P

ORDER

17      Plaintiff Joseph G. Klotz, a state prisoner, proceeds without counsel and requests to

18  proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. <u>See</u> 28

19  U.S.C. § 636(b)(1). The complaint fails to state a claim and must be dismissed. Plaintiff is granted

20  leave to file an amended complaint as set forth below.

21      **I.      In Forma Pauperis**

22      Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the

23  showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will

24  be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

25  1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee

26  from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be

27  obligated for monthly payments of twenty percent of the preceding month's income credited to

28  plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "naked assertions" or "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Allegations in the Complaint

Under the complaint's allegations, the defendants at Mule Creek State Prison have failed to protect plaintiff from physical and sexual assault. (ECF No. 1 at 2.) Plaintiff repeatedly told defendants he needs protection, but they have forced him to live in fear with a cellmate. (Id. at 2, 8.) Plaintiff told all committee and IDTT members that he will kill anyone he is in a cell with and that he has sexual predatory urges. (Id.) PREA standard 115.43 requires single cell status if plaintiff poses a risk to others. (Id.) Through this action, plaintiff seeks single cell housing. (Id.)

## IV.    Discussion

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However,

plaintiff's allegations against the defendants are too vague and conclusory to state a claim. As plaintiff's allegations are ascribed to "defendants" collectively, the complaint fails to give fair notice of the allegations and claims against any individual defendant. Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("In order to state a claim, plaintiff must allege specific facts demonstrating how each defendant's conduct or failure to act violated plaintiff's rights."). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).

To state a failure to protect claim, plaintiff must show he is incarcerated "under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 833. Plaintiff must also show the prison official subjectively had a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then the official must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under 42 U.S.C. § 1983. Id. at 835.

## V.     Leave to Amend

Plaintiff is granted leave to amend his failure to protect claims against these defendants. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, if plaintiff does not wish to pursue this case further, plaintiff may file a notice of voluntary dismissal.

## VI.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

3

Your complaint is being dismissed with leave to amend because you have not alleged facts adequate to state a failure to protect claim against any defendant. If you choose to file an amended complaint, include more facts about what happened, when it happened, and how each defendant acted or failed to act which caused the violation of your rights.

**VII.    Conclusion**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint with the docket number assigned this case and labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  August 29, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, klot1273.scm

4